IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

OSCAR WILLINGHAM                                                    PETITIONER

v.                              Case No. 6:22-cv-06106

DEXTER PAYNE, Director,                                          RESPONDENT
Arkansas Department of Correction

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner is Oscar Willingham ("Willingham").  On October 5, 2022, Willingham filed the current Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.  ECF No. 1.  In lieu of a response, Respondent Payne filed a Motion to Dismiss on November 10, 2022.  ECF No. 7.  This Petition was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case.  This matter is now ripe for consideration.  The Court has reviewed the Petition and the Motion to Dismiss and finds this Petition should be **DENIED**, and the Motion to Dismiss (ECF No. 7) should be **GRANTED.**

1.     **Procedural Background[1]**:

Willingham is an inmate incarcerated at the Grimes Unit in the Arkansas Department of Correction ("ADC") in Newport, Arkansas.  On October 22, 2012, Willingham pled guilty to aggravated residential burglary, theft of property, aggravated robbery, and kidnapping in Clark County, Arkansas.  He was sentenced to fifty-four (54) years imprisonment.  The judgment was entered on October 26, 2012.  Willingham did not appeal this conviction.[2]

---

[1] The "Procedural Background" is taken from the docket and the documents filed in this case.
[2] Instead, in 2020, Willingham petitioned the state trial court to correct his sentence.  Finding a need to correct clerical errors, the Arkansas Supreme Court remanded Willingham's case for the limited purpose of correcting his judgment.  *See* ECF No. 1-3.  This amended judgment was entered on November 5, 2021.  Willingham does not address how this amended judgment impacts his claims here.  The Petition which led to the decision of the Arkansas Supreme Court was not filed until 2020.  Accordingly, the state court proceeding did not toll the running of the statute of limitation. Further, Willingham makes no

With the current Petition, Willingham requests this Court to order his sentences on his theft of property be reduced from 20 years to 6 years, to order all sentences be run concurrently, and to vacate his conviction for aggravated residential burglary. ECF No. 1 at 17. In lieu of a response, Respondent Payne has filed a Motion to Dismiss, alleging this case is subject to dismissal under the one-year statute of limitations in AEDPA. This matter is now ripe for consideration.

**2.   Applicable Law**:

Willingham seeks *habeas* review of a state-court conviction in this Court pursuant to 28 U.S.C. § 2254. ECF No. 1. In the interests of finality and federalism, a federal *habeas* court is constrained by statute to exercise only a "limited and deferential review of underlying state-court decisions." *See, e.g., Whitehead v. Dormire,* 340 F.3d 532, 536 (8th Cir. 2003). The "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." *Burt v. Titlow,* 134 S. Ct. 10, 16 (2013).

A federal court reviewing a state-court merits ruling of a federal question may grant habeas-corpus relief only if the state's adjudication "(1) resulted in a decision that was contrary to, or an unreasonable application of, clearly stablished Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2).

Review under 28 U.S.C. § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. *See Cullen v. Pinholster,* 563 U.S. 170, 181 (2011). Under § 2254(d)(2), a decision adjudicated on the merits in a state court based on a factual

---

argument this amended judgment in some fashion restarts the AEDPA's one-year statute of limitations. Because the amended judgment was corrected for clerical errors and did not substantively the original judgment and sentence, the one-year statute of limitations did not "re-start" on November 5, 2022.

determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *See, e.g., Miller-El v. Cockrell,* 537 U.S. 322, 340 (2003). In making this determination, factual findings by the state courts are presumed correct absent clear and convincing evidence to the contrary. *Id.;* 28 U.S.C. § 2254(e)(1).

**3.** **Discussion**:

Respondent Payne claims this action is time-barred and should be dismissed under AEDPA. Upon review and consistent with the following, the Court agrees and finds as follows:

**A.** **One-Year Statute of Limitations**

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA") was signed into law. A one-year statute of limitations was enacted for motions to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2254. In general, a movant for collateral relief has one year from "the date on which the judgment became final" to file a petition challenging his or her conviction.

In the present action, Willingham's one-year limitation for filing a federal *habeas* petition commenced on November 26, 2012, when his time for appeal expired. *See* 28 U.S.C. § 2244(d)(1)(A). *See also* Ark. R. App. R. Civ. 4(a). Thus, absent any tolling provision, Willingham's Petition was due to be filed in this Court one year later or by November 26, 2013. In the present action, Willingham filed his Petition on October 5, 2022. ECF No. 1. Thus, it was untimely filed.[3] Accordingly, unless an exception to this statute of limitations or a tolling provision applies, the Court lacks jurisdiction to consider the merits of his Petition.

---

[3] Willingham filed his *pro se* Petition on the Court approved form for same. That form contains a specific section action asking a petitioner to explain why the one-year statute of limitations is not applicable to his case. Willingham did not offer any rational for why the AEDPA statute of limitations does not apply to his Petition, and the Court can discern none.

### B.      Tolling of the Statute of Limitations

Willingham's claims are barred by the limitations period unless he can establish the period was tolled.  The only potential applicable tolling provision is equitable tolling.  A petitioner is only entitled to this tolling if "he shows . . . that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" to prevent timely filing.  *Holland v. Florida,* 560 U.S. 631, 645 (2010).  While the diligence required for equitable tolling is "not maximum feasible diligence," reasonable diligence is required.  *See id.* at 653.

In the present action, Willingham's Petition does not establish he acted with any due diligence in pursuing the timely filing of this Petition.  Willingham's Petition does not demonstrate any extraordinary circumstance beyond his control made it impossible for him to file a petition before the statute of limitations ran.  *See, e.g., Runyan v. Burt,* 521 F.3d 942, 945 (8th Cir. 2008).  Therefore, AEDPA's one-year statute of limitation applies in this case, and Willingham's Petition is untimely and should be dismissed.

### 4.      <u>Conclusion</u>:

Willingham's Petition is time-barred under the AEDPA one-year statute of limitations.  At the very latest, he was required to file a petition by November of 2013.  Here, Willingham waited until October of 2022 to file this Petition.  Thus, this Court has no jurisdiction over this Petition.

### 5.      <u>Recommendation</u>:

Accordingly, based on the foregoing, the Court recommends the instant Petition (ECF No. 1) be **DENIED** and dismissed with prejudice, and Respondent Payne's Motion to Dismiss (ECF No. 7) be **GRANTED**.  The Court further recommends no Certificate of Appealability issue in this matter.

The Court finds no evidentiary hearing is required.[4]

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court**.  *See  Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED this 23rd day of January 2023.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

---

[4] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record."  *Urquhart v. Lockhart, 726 F.2d 1316, 1318-19 (8th Cir.1984).*